COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


HUFFMON RAY ELLIOTT

                                        MEMORANDUM OPINION*
v.    Record No. 2185-01-3                 PER CURIAM
                                          MARCH 12, 2002
JAMES L. NEIGHBORS AND
 ERIE INSURANCE EXCHANGE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Huffmon Ray Elliott, pro se, on brief).

          (Dale W. Webb; Monica L. Taylor; Gentry Locke
          Rakes & Moore, on brief), for appellees.


     Claimant raises numerous issues in his opening brief.  On

appeal, this Court will not consider issues raised by claimant

which were not properly before the Workers' Compensation

Commission.[1]  The questions before the commission and decided by

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Claimant's allegations of fraud by various attorneys and
other individuals regarding the handling of his claim were not
before the commission at the February 15, 2001 hearing.  The
only applications before the commission were employer's
application alleging claimant's return to work and claimant's
claim for mileage reimbursement.  Moreover, the commission is
not the proper forum to adjudicate complaints against attorneys.
We agree with the commission that there is no support in the
record for claimant's conclusory allegation that Deputy
Commissioner Herring was biased against claimant, should not
have been allowed to hear the case, and discriminated against
claimant because of his race or pro se status.  As the
commission noted, "claimant chose to leave the hearing after the
Deputy Commissioner reminded him that the Commission in 1999 had
already dismissed his fraud allegations.  The Deputy

it, which are properly before this Court, are whether the commission erred in (1) finding that James L. Neighbors and its insurer (hereinafter referred to as "employer") proved that claimant was able to return to his pre-injury work as of August 21, 1997; and (2) dismissing, without prejudice, claimant's request for mileage reimbursement. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.[2]

## I.  Return to Work

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission accurately summarized the relevant medical records as follows:

---

Commissioner properly went on with the hearing after the claimant chose to leave. The claimant's allegations of fraud by his former counsel are beyond the jurisdiction of the Commission."

[2] Employer filed a Renewed Motion to Dismiss and Response to Appellant's Pleading alleging that claimant failed to file replacement briefs as ordered by this Court and failed to file a complete and accurate Joint Appendix. However, we need not address this motion, because our decision summarily affirming the commission's opinion disposes of this appeal in employer's favor.

- 2 -

On March 27, 1996, Dr. Rachna Patel wrote that the claimant's "loss of vision in his right eye has resulted in loss of depth perception and thus he should not operate heavy machinery and should not engage in occupations requiring precise visual acuity." Dr. Patel signed a Physical Capabilities Form on August 11, 1997, indicating that the claimant could return to full duty work with the only restriction that he cannot fly airplanes. In a September 5, 1997 letter, Dr. Sara A. Kaltreider wrote that the claimant's restrictions remained the same as those stated by Dr. Patel in March 1996. Due to the loss of depth perception, he should avoid working at heights, operating heavy machinery, and flying airplanes.

According to the claimant's employer, James Lee Neighbors, the claimant returned to doing his regular work and performed his job well. After 30 days, the claimant quit. Neighbors agreed that operating a backhoe requires some depth perception. Neighbors stated that the claimant did not have any trouble despite his loss of vision in one eye. Neighbors testified: "He'd still be working for me today if he hadn't of quit."

Dr. Patel's medical records and Neighbors' uncontradicted testimony that claimant performed his pre-injury work, without any problems, for a period of at least thirty days, despite some light-duty restrictions, constitute credible evidence to support the commission's finding. Accordingly, we will not disturb that finding on appeal. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.  Mileage Reimbursement Claim

Unless we can say as a matter of law that claimant's evidence sustained his burden of proving his entitlement to mileage reimbursement, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission dismissed claimant's request for mileage reimbursement to his doctor's appointments on the ground that claimant left the February 15, 2001 hearing and did not provide evidence to support his application.  Absent such evidence, the commission properly ruled that it could not consider claimant's application, and dismissed his claim, without prejudice, stating that he may file another application seeking mileage reimbursement.

We note that claimant makes reference in his brief to information he may have filed with the commission and/or employer's counsel in 1997 regarding mileage.  However, he failed to present such evidence or bring it to the attention of the deputy commissioner when this issue was before the commission at the February 15, 2001 hearing.  Accordingly, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.